UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

SAMUEL VIZUETH-GOMEZ,

    Petitioner,

v.                                                          No. 1:26-CV-233-H

MARKWAYNE MULLIN, et al.,

    Respondents.

## ORDER

The Fifth Circuit held recently that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *see* 8 U.S.C. § 1225(b)(2)(A). Samuel Vizueth-Gomez, a native and citizen of Mexico, is one such alien, having illegally entered the United States over ten years ago. His habeas petition, filed after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing based on the text of the INA, the Fifth Amendment's Due Process Clause, and the Administrative Procedure Act. Dkt. No. 1.

In light of *Buenrostro-Mendez*, Vizueth-Gomez's statutory claim is foreclosed.[1] And neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Vizueth-Gomez are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more

---

[1] Vizueth-Gomez notes *Buenrostro-Mendez* and this Court's prior decisions denying similar claims by other petitioners. Dkt. No. 1 at 6. He "files this [p]etition solely to preserve the appellate issues pending any future ruling by the Supreme Court." *Id.*

than sufficient process so far as the Due Process Clause is concerned. Lastly, because Vizueth-Gomez seeks habeas relief, his APA claim is not cognizable.

Because the facts and legal arguments presented in this petition are indistinguishable from those addressed by the Court in many prior cases,[2] "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. 28 U.S.C. § 2243. Thus, while the Court would ordinarily issue an order to show cause, it exercises its discretion to forgo that step here. *Id.*; *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The petition (Dkt. No. 1) is denied.

## 1.    Background

Over ten years ago, Vizueth-Gomez illegally entered the United States. Dkt. No. 1 ¶ 5. He has lived here since. *See id.* In February 2026, Vizueth-Gomez was arrested and placed into removal proceedings with a Notice to Appear charging him with removability as an "an alien present in the United States without being admitted or paroled." *Id.* ¶ 4; Dkt. No. 1 at 25; *see* 8 U.S.C. § 1182(a)(6)(A)(i). He is currently detained without bond at the Bluebonnet Detention Facility. Dkt. No. 1 ¶ 1.

It is not clear whether Vizueth-Gomez has sought a bond hearing from an immigration judge. Even so, immigration judges are bound by the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado* to deny such requests for lack of jurisdiction. 29 I. & N. Dec. 216 (BIA 2025). That is because *Yajure Hurtado* holds that aliens present in

---

[2] *See, e.g., Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. *Id.* at 220.

Because no immigration judge will grant bond, Vizueth-Gomez seeks a writ of habeas corpus. Dkt. No. 1. The petition states three claims for relief. First, Vizueth-Gomez alleges that his detention without bond violates the INA. *Id.* ¶¶ 58–60. He argues that Section 1225(b)(2)(A) does not apply to aliens who, like him, previously entered the United States illegally and have been living in the country prior to being apprehended and placed in removal proceedings. *See id.* ¶ 59. In his view, the proper statutory authority for his detention is Section 1226(a), which permits immigration judges to release aliens on bond while their removal is pending. *Id.* Besides his statutory claim, Vizueth-Gomez also argues that his detention without bond violates his due process rights and the APA. *Id.* ¶¶ 61–67.

Before Vizueth-Gomez filed his petition, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225. *See* 166 F.4th at 498. The Court turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). The Court found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp. *Buenrostro-Mendez*, 166 F.4th at 502 (quoting *Garibay-Robledo*, 814 F. Supp. 3d at 754).

## 2.    Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## 3.    Analysis

As noted above, Vizueth-Gomez raises three claims in his habeas petition—one involving Sections 1225 and 1226 of the INA, another based on the Fifth Amendment's Due Process Clause, and another under the APA. Dkt. No. 1 ¶¶ 58–67. *Buenrostro-Mendez* forecloses Vizueth-Gomez's statutory claim. Thus, the only claims left for consideration are Vizueth-Gomez's due process and APA claims. The Court has repeatedly rejected identical arguments. *See supra*, note 2. Nevertheless, the Court considers the arguments raised in Vizueth-Gomez's petition to address whether bond-less detention violates the Constitution or the APA. The answer is no.

### A.    *Buenrostro-Mendez* forecloses Vizueth-Gomez's INA claim.

Vizueth-Gomez is an "applicant for admission" under the INA's mandatory-detention provision. Section 1225 broadly defines "applicant for admission" as "[a]n alien

present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Vizueth-Gomez is an "alien." He is "present in the United States." And he "has not been admitted" because he did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A) (defining "admission" and "admitted"). As an applicant for admission, binding Fifth Circuit precedent requires that he be detained without bond under Section 1225(b)(2)(A). *See Buenrostro-Mendez*, 166 F.4th at 498. Thus, Vizueth-Gomez's INA claim fails.[3]

### B.    The Due Process Clause does not require the government to give Vizueth-Gomez a bond hearing.

Next is Vizueth-Gomez's claim that the government's refusal to provide a bond hearing violates the Due Process Clause of the Fifth Amendment. Dkt. No. 1 ¶¶ 61–64. Because *Buenrostro-Mendez* did not directly address this question, the Court turns to Vizueth-Gomez's arguments. He asserts that his detention without bond violates his procedural due process rights. But he is not entitled to relief.

Vizueth-Gomez seeks relief relying on the three-factor balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See* Dkt. No. 1 ¶¶ 47–55. The *Mathews* test, while common, is not the only tool for resolving procedural due process challenges. The Supreme Court said as much: "[W]e have never viewed *Mathews* as announcing an all-embracing test for deciding due process claims." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002). In fact, the "Supreme Court when confronted with constitutional challenges to immigration detention has not resolved them through express application of *Mathews*." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

---

[3] Even if this Court were not bound by *Buenrostro-Mendez*, it would have reached the same result for the reasons discussed in its numerous prior decisions on this issue. *Supra*, note 2.

The application of *Mathews* to Section 1226 cases is "unwarranted on the test's own terms." *Ladak v. Noem*, 814 F. Supp. 3d 712, 725 (N.D. Tex. 2025). The Supreme Court applied *Mathews* in *Landon v. Plasencia*, emphasizing that its balancing test was appropriate for "long-time lawful permanent resident[s]" in contrast to "detentions of aliens at the border or returning lawful permanent residents who had spent time abroad." *Id.* (citing 459 U.S. 21, 32–34 (1982)). Aliens in the former category have "gain[ed] admission to our country and [have begun] to develop the ties that go with permanent residence," meriting a level of due process more analogous to that of a citizen. *Landon*, 459 U.S. at 32. In the latter category, aliens "request[] a privilege and [have] no constitutional rights." *Id.*; *DHS v. Thuraissigiam*, 591 U.S. 103, 138–39 (2020) ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." (quotation omitted)). Critically, aliens who are released into the country pending removal are "treated for due process purposes as if stopped at the border." *Thuraissigiam*, 591 U.S. at 139.

As an "applicant for admission," Vizueth-Gomez has "only those rights regarding admission that Congress has provided by statute." *Id.* at 140; *Landon*, 459 U.S. at 32 ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."). With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). No part of the statute "says anything whatsoever about bond hearings." *Id.*

Accordingly, Vizueth-Gomez is not entitled to a bond hearing as a matter of procedural due process.

### C.    The APA precludes judicial review of Vizueth-Gomez's claim.

Vizueth-Gomez argues that his mandatory detention is "arbitrary and capricious" under the APA.  Dkt. No. 1 ¶ 57.  Section 704 of the APA states, in no uncertain terms, that "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are subject to judicial review."  5 U.S.C. § 704 (emphasis added).  Because Vizueth-Gomez requests habeas relief as the remedy for his APA claim, he unwittingly admits that there is, in fact, an adequate remedy outside of the APA.  Moreover, the Supreme Court recently held that "where an alien detainee's claims 'necessarily imply the invalidity of their confinement' these claims must be brought in habeas."  *P.B. v. Bergami*, No. 3:25-CV-2978, 2025 WL 3632752, at *9 (N.D. Tex. Dec. 13, 2025) (O'Connor, C.J.) (quoting *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025)).  The APA thus does not provide for judicial review of Vizueth-Gomez's claim.

### 4.    Conclusion

In short, Vizueth-Gomez, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A).  *Buenrostro-Mendez*, 166 F.4th at 498.  And neither the Due Process Clause nor the APA require a bond hearing in these circumstances.  Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on June 2__, 2026.

_____

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE